**KRISTIN K. MAYES**
**Attorney General**
(Firm State Bar No. 14000)

Joshua D. Bendor (Bar No. 031908)
Alexander W. Samuels (Bar No. 028926)
William Y. Durbin (Bar No. 036941)
Joshua A. Katz (Bar No. 039449)
Office of the Arizona Attorney General
2005 N. Central Avenue
Phoenix, AZ 85004-1592
(602) 542-3333
Joshua.Bendor@azag.gov
Alexander.Samuels@azag.gov
William.Durbin@azag.gov
Joshua.Katz@azag.gov
ACL@azag.gov

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| KalshiEX LLC, | No. CV-26-1715-PHX-MTL |
| Plaintiff, | |
| v. | **DEFENDANTS' INITIAL SUPPLEMENTAL BRIEF ADDRESSING THE ANTI-INJUNCTION ACT** |
| Jackie Johnson, et al., | |
| Defendants. | |

The Anti-Injunction Act (the "Act"), 28 U.S.C. § 2283, establishes "the general rule that courts of the United States shall not enjoin proceedings in state courts." *Merle Norman Cosms., Inc. v. Victa*, 936 F.2d 466, 468 (9th Cir. 1991). Courts in this Circuit require "a strong and unequivocal showing" that a federal injunction is necessary. *See Bechtel Petroleum, Inc. v. Webster*, 796 F.2d 252, 253–54 (9th Cir. 1986). The Act is subject to only three exceptions, construed narrowly. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Those exceptions apply only when an injunction is "expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *Merle Norman Cosmetics*, 936 F.2d at 468 (quoting the Act).

The Act "cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding." *Los Angeles Mem'l Coliseum Comm'n v. City of Oakland*, 717 F.2d 470, 473 (9th Cir. 1983).

Here, Plaintiff KalshiEx LLC ("Kalshi") seeks to enjoin, or at least stay, a state court proceeding—its criminal prosecution. No exception applies. Therefore, the Act prohibits this Court from issuing an injunction.

Because the Act bars an injunction, the Act also bars the issuance of a declaratory judgment that would have the same effect. *See Easterday Dairy, LLC v. Fall Line Capital, LLC*, No. 22-01000, 2022 WL 17104572, at *8–9 (D. Or. Nov. 22, 2022); *see also Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 506 (5th Cir. 1988) (dismissing case where the Act applied and plaintiffs sought only injunctive and declaratory relief). The Court should therefore dismiss Kalshi's Complaint or, at a minimum, deny its Motion for Preliminary Injunction as unlikely to succeed on the merits.

## I.   Kalshi seeks to enjoin a state court proceeding in violation of the Act.

Kalshi may argue that it moved for the injunction before the state court proceeding began. But that is no obstacle to the Act's application. "There is a circuit split as to whether, as is the situation here, the Act applies when the federal injunction is sought before the initiation of state court proceedings." *Monster Beverage Corp. v. Herrera*, No.

1

13-00786, 2013 WL 12131740, at *10 (C.D. Cal. Dec. 16, 2013) (finding majority view that "the Act applies regardless of the order" the more persuasive).

The Ninth Circuit has not yet spoken, but district courts within the Circuit have applied the majority rule. *See, e.g.*, *id.*; *Kag West, LLC v. Malone*, No. 15-03827, 2016 WL 3951651, at *3 (N.D. Cal. July 22, 2016); *see also Easterday*, 2022 WL 17104572, at *8–9 & n.7 (the Act applies when the federal complaint is filed before the state complaint). This Court should follow the majority view for the same reasons the *Monster Beverage* court did.

First, the text states that federal courts may not grant "an injunction to stay proceedings in a State court." 28 U.S.C. § 2283. "Nothing in the plain language suggests that the Act applies only when the federal plaintiff requests injunctive relief *after* the state court suit had been filed." *Monster Beverage Corp.*, 2013 WL 12131740, at *11 (emphasis added) (citing *Denny's, Inc. v. Cake*, 364 F.3d 521, 529 (4th Cir. 2004)).

Second, "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 805 (9th Cir. 2002) (quoting *Atl. Coast Line R.R. Co. v. Bhd. Of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970)).

The minority view, as expressed in "the leading opinion holding that the Anti-Injunction Act does not apply," is not persuasive. *See Monster Beverage Corp.*, 2013 WL 12131740, at *11 (citing *Barancik v. Invs. Funding Corp.*, 489 F.2d 933, 937 (7th Cir. 1973) (Stevens, J.)). The Seventh Circuit panel reasoned that the federal court could enter an injunction right after receiving the motion, so it should not lose that power through the litigant's actions. *Barancik*, 489 F.2d at 936–37. Forcing the district court to issue its order immediately or lose authority sets up an "unseemly" race. *Id.* at 937.

In addition to policy, the court also, in a footnote, considered the text of the statute it was interpreting. It noted "[t]he use of the verb 'stay' … quite clearly describes an order directed to a pending proceeding." *Id.* at 936 n.8.

The majority view is stronger on both text and policy.

"As always, we begin with the text." *Southwest Airlines Co. v. Saxon*, 596 U.S. 450, 457 (2022).  The injunction will be "directed to a pending proceeding" so long as it is entered after the state court action began, regardless of which lawsuit was filed first.  28 U.S.C. § 2283.

The remainder of *Barancik*'s reasoning turns on policy.  But the exception *Barancik* carves out is "not the course Congress has chosen." *Denny's*, 364 F.3d at 531.  Congress sought to avoid conflicts between the state and federal courts, not timing difficulties for federal judges.  *See Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1100 (9th Cir. 2008) (the Act is "designed to preclude unseemly interference with state court proceedings").  The *Barancik* exception exacerbates the former in an effort to alleviate the latter.

That effort is doomed in any case because the *Barancik* exception "creates a race to the courthouse of its own." *Denny's*, 364 F.3d at 531 (quoting *Roth v. Bank of the Commonwealth*, 583 F.2d 527, 533 (6th Cir. 1978)).  Any "attorney worth his salt" would "race to the state courthouse" on "learning that federal proceedings were about to start." *Roth*, 583 F.2d at 532.

But the two cases are different.  Only the race created by "*Barancik* would permit a federal court plaintiff who wins this race to unilaterally nullify the effectiveness of the Act with the mere application for injunctive relief." *Denny's*, 364 F.3d at 531 (cleaned up).  Rather than prevent a race, *Barancik* yields one with worse consequences.

**II.     No exception to the Act permits the Court to grant Kalshi's requested relief.**

There are three exceptions to the Act.  A district court may enjoin a state court proceeding when (a) Congress specifically authorized it to do so, or (b) the injunction is needed to protect the court's jurisdiction, or (c) to protect or effectuate its own judgments. *Bennett*, 285 F.3d at 805.  The exceptions are "narrowly construed." *Id.*

As a threshold matter, even if the Commodity Exchange Act (the "CEA") preempted state gambling law, the Supreme Court has been clear that preemption does not

fall within any of the exceptions to the Act. *See Atl. Coast Line*, 398 U.S. at 294. In other words, preemption provides no basis for allowing an injunction.

### A. Congress has not specifically authorized this suit.

In order to qualify under the first exception, "an Act of [C]ongress must have created a specific and uniquely federal right or remedy, enforceable in a federal court of equity, that could be frustrated if the federal court were not empowered to enjoin a state proceeding." *Mitchum v. Foster*, 407 U.S. 225, 237 (1972). Congress must have "clearly" created a federal right or remedy that "could be given its intended scope *only* by the stay of a state court proceeding." *Id.* at 238 (emphasis added).

No such private right of action exists here. Kalshi's only claim is that the CEA preempts State gambling law. But the CEA does not "create[] a specific and uniquely federal right or remedy enforceable in a federal court of equity." *Id.* at 237. The CEA gives the CFTC some authority to seek injunctive relief in its own enforcement actions (*see, e.g.*, 7 U.S.C. § 9(1) (granting CFTC antifraud authority over the spot and derivative markets)), but not Kalshi as to state enforcement of gambling laws.

Likewise, the Supremacy Clause does not create the sort of rights meant to be protected by exceptions to the Act. *See Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 324–27 (2015) (no private right of action under the Supremacy Clause).

### B. The requested relief is not necessary to aid the Court's jurisdiction or to protect or effectuate its judgments.

"Necessary in aid of" is "similar to the concept of injunctions to 'protect or effectuate' judgments." *Atl. Coast Line*, 398 U.S. at 295. Neither exception applies unless injunctive relief is "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Id.* Courts typically apply these exceptions only with respect to *in rem* jurisdiction, or in a class action or multidistrict litigation, where coordination with respect to a distinct *res* or among many interested parties is required; or to avoid relitigating an issue that previously was presented to and decided by the federal

court. *See Negrete*, 523 F.3d at 1095, 1101 ("[N]ecessary-in-aid-of-jurisdiction exception … does not authorize interference with parallel *in personam* state actions merely because the state courts might reach a conclusion before the district court does."); *Bechtel*, 796 F.2d at 252–53 (discussing "relitigation exception")  Such coordination concerns are absent in a criminal prosecution of two related entities (Kalshi and Kalshi Trading LLC), proceeding in parallel with a federal action, both in their early stages.

There is no judgment or jurisdiction unique to this Court that requires it to block the state proceedings.  Kalshi can just as easily make its preemption arguments in state court.  "If [Kalshi's] preemption defense is not recognized by the state court[], [Kalshi] can obtain federal review by appealing to the Supreme Court[.]"  *Alton Box Bd. Co. v. Esprit de Corp.*, 682 F.2d 1267, 1270 (9th Cir. 1982).

**C.    Even if an exception applied, the Court should still deny an injunction.**

Even if the Act did not apply, *Younger* abstention may (and does here).  *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 9–10 (1987); *see also* Defs' Resp. to OSC, Doc. 20.  Even failing that, when an exception to the Act applies, whether to issue the injunction is left to the sound discretion of the Court.  *See Sonner v. Premier Nutrition Corp.*, 49 F.4th 1300, 1307 (9th Cir. 2022) (standard of review is abuse of discretion).  The same principle that animates the Act applies here and should guide the Court's equitable discretion.  The Act rests on "principles of federalism and respect for the sovereignty of the several states and their judicial system."  *Kag West*, 2016 WL 3951651, at *6 (citations omitted) (declining to enjoin sufficiently distinct state proceedings under state law); *see also Texas Employers' Ins. Ass'n*, 862 F.2d at 505 (the Act is a "pillar of federalism reflecting the fundamental constitutional independence of the states and their courts").  This Court should accordingly deny an injunction and recognize Arizona's sovereign interest in the legal framework set up by the 2020 Gaming Act, A.R.S. §§ 5-1301 et seq., and Tribal-State Gaming Compacts.

**CONCLUSION**

The Court should dismiss the case pursuant to the Anti-Injunction Act.

**RESPECTFULLY SUBMITTED** this 31st day of March, 2026.

**KRISTIN K. MAYES**
**ATTORNEY GENERAL**


By  /s/ *Joshua A. Katz*
     Joshua D. Bendor
     Alexander W. Samuels
     William Y. Durbin
     Joshua A. Katz
     Office of the Arizona Attorney General
     2005 N. Central Ave.
     Phoenix, AZ 85004

*Attorneys for Defendants*