Joseph H. Webster (*pro hac vice* forthcoming)
Elizabeth A. Bower (*pro hac vice* forthcoming)
Jens W. Camp (*pro hac vice* forthcoming)
Alexandra K. Holden (*pro hac vice* forthcoming)
**HOBBS, STRAUS, DEAN & WALKER LLP**
1899 L Street NW, Suite 1200
Washington, DC 20036
Telephone: (202) 822-8282
Email: jwebster@hobbsstraus.com
        ebower@hobbsstraus.com
        jcamp@hobbsstraus.com
        aholden@hobbsstraus.com

*Counsel for Tribal Amici*

Scott Crowell (#009654)
**CROWELL LAW OFFICE**
**TRIBAL ADVOCACY GROUP PLLC**
1487 W State Rte 89A, Suite 8
Sedona, AZ 86336
Telephone: (425) 802-5369
Email: scottcrowell@clotag.net

*Counsel for Rincon Band of Luiseño Indians,
Santa Ynez Band of Chumash Mission Indians,
and Spokane Tribe of the Spokane Reservation*

Javier Ramos (#017442)
**GILA RIVER INDIAN COMMUNITY**
Post Office Box 97
Sacaton, AZ 85147
Telephone: (520) 562-9760
Email: Javier.Ramos@gric.nsn.us

*Counsel for Gila River Indian Community*

Bryan Newland (*pro hac vice* forthcoming)
**POWERS, PYLES, SUTTER & VERVILLE PC**
1250 Connecticut Ave N, 8th Floor
Washington, DC 20036
Telephone: (202) 349-4265
Email: Bryan.Newland@powerslaw.com

MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF - 1-

*Counsel for Bay Mills Indian Community,*
*Mohegan Tribe of Indians of Connecticut,*
*Rincon Band of Luiseño Indians,*
*and Santa Ynez Band of Chumash Mission Indians*

Michael Hoenig (*pro hac vice* forthcoming)
**YUHAAVIATAM OF SAN MANUEL NATION**
422 1st Street SE
Washington, DC 20003
Telephone: (909) 936-9684
Email: Michael.Hoenig@sanmanuel-nsn.gov

*Counsel for Yuhaaviatam of San Manuel Nation*
*and San Manuel Gaming and Hospitality Authority*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| KALSHIEX LLC, | Civil Action No: 2:26-cv-01715-MTL |
| *Plaintiff,* | |
| v. | **MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF** |
| JACKIE JOHNSON, et al., | |
| *Defendants*. | |

MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF - 2-

The Indian Gaming Association ("IGA"), National Congress of American Indians ("NCAI"), United South and Eastern Tribes Sovereignty Protection Fund ("USET SPF"), Arizona Indian Gaming Association ("AIGA"), Washington Indian Gaming Association ("WIGA"), Minnesota Indian Gaming Association ("MIGA"), California Nations Indian Gaming Association ("CNIGA"), Oklahoma Indian Gaming Association ("OIGA"), National Tribal Gaming Commissioners & Regulators ("NTGCR"), San Manuel Gaming and Hospitality Authority ("SMGHA"), and 28 federally recognized Indian tribes ("Amici Tribes")[1] (collectively, "Tribal Amici") respectfully move for leave to file the accompanying brief as amici curiae in support of Defendants' opposition to KalshiEX LLC's ("Kalshi") motion for preliminary injunction.[2]

---

[1] The Amici Tribes include: Agua Caliente Band of Cahuilla Indians; Ak-Chin Indian Community; Bay Mills Indian Community; Cocopah Tribe of Arizona; Elk Valley Rancheria; Gila River Indian Community; Jamul Indian Village of California; Kaibab Band of Paiute Indians; Kickapoo Traditional Tribe of Texas; Lytton Rancheria; Mashantucket Pequot Tribal Nation; Mohegan Tribe of Indians of Connecticut; Morongo Band of Mission Indians; Pascua Yaqui Tribe of Arizona; Pechanga Band of Indians; Pokagon Band of Potawatomi Indians; Pueblo of Acoma; Pueblo of Sandia; Rincon Band of Luiseño Mission Indians; Salt River Pima-Maricopa Indian Community; San Juan Southern Paiute Tribe; Santa Ynez Band of Chumash Mission Indians; Seminole Tribe of Florida; Shingle Springs Band of Miwok Indians; Spokane Tribe of the Spokane Reservation; Tohono O'odham Nation of Arizona; Tunica-Biloxi Indian Tribe; and Yuhaaviatam of San Manuel Nation.

[2] The below listed counsel, who do not represent any party to this matter, authorized this motion and the accompanying brief. The Tribal Amici paid the entire cost of this amicus brief. None of the Tribal Amici are party to this matter. Thus, no party to this matter contributed money for the preparation of this brief.

MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF - 3-

**INTERESTS OF THE TRIBAL AMICI**

IGA is an inter-tribal non-profit organization comprised of 124 federally recognized Indian tribes that operate gaming enterprises throughout Indian Country. IGA also has non-voting members, which represent organizations, tribes, and businesses engaged in tribal gaming enterprises around the country. IGA's mission is to advance tribal economic, social, and political interests, and to preserve and promote tribal sovereignty, self-sufficiency, and economic development by advocating for tribally owned governmental gaming enterprises. To pursue this mission, IGA operates as an educational and public policy resource for tribes, policy makers, and members of the public concerning Indian gaming issues and tribal community development.

NCAI is the oldest and largest national organization comprised of American Indian and Alaska Native tribal governments and their citizens. Since 1944, NCAI has advised and educated the public, tribal nations, state governments, and the federal government on a broad range of issues involving tribal sovereignty, self-government, treaty rights, and policies affecting tribal nations, including jurisdiction, taxation, and gaming issues. NCAI currently represents more than 275 tribal nations. NCAI works daily to strengthen the ability of tribal nations to ensure the health and welfare of their communities.

USET SPF is a non-profit, inter-tribal organization advocating on behalf of 33 federally recognized tribal nations from the Northeastern Woodlands to the Everglades and across the Gulf of Mexico. USET SPF is dedicated to promoting, protecting, and advancing the inherent sovereign rights and authorities of tribal nations

and in assisting its membership in dealing effectively with public policy issues.  USET SPF works at the regional and national level to educate federal, state, and local governments about the unique historic and political status of its member tribal nations.

AIGA is a non-profit association comprised of eight federally recognized tribes.  AIGA is committed to protecting and promoting the welfare of tribes striving for self-reliance by supporting tribal gaming enterprises on Arizona Indian lands.  AIGA provides educational, legislative, and public policy resources for tribes, policymakers, and the public on Indian gaming issues and tribal community development.  AIGA is deeply committed to maintaining and protecting tribal sovereignty and self-governance.

WIGA is a non-profit organization of tribal government leaders representing 23 federally recognized Indian tribes in the State of Washington.  WIGA's purpose is to educate and disseminate information to the Indian gaming community, federal and state governments, and the general public concerning issues related to gaming in Indian Country.  WIGA advocates on behalf of Washington's Indian gaming community to promote government relations and effective communication between tribes and the State.  WIGA aims to promote, protect, and preserve the general welfare of Indian tribes through the development of sound policies and practices with respect to the conduct of gaming activities in Indian Country.

MIGA was founded in 1987 to bring member tribes together to educate Minnesotans about the impacts of tribal gaming and to speak with a unified voice on public policy matters.  MIGA is currently comprised of elected leaders from nine of the eleven federally recognized Indian tribes in Minnesota.  MIGA continues to support and

MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF - 5-

advocate for tribal gaming operations while also defending against the off-reservation expansion of gaming.

CNIGA is a non-profit organization that represents 54 federally recognized tribal governments located within the State of California. CNIGA acts as a planning and coordinating agency for legislative, policy, legal, and communications efforts on behalf of its members, especially with respect to gaming-related matters.

OIGA is a non-profit organization of Indian Nations and other non-voting members representing organizations, tribes, and businesses engaged in tribal gaming enterprises in Oklahoma. OIGA's mission is to promote the general welfare of the Oklahoma Indian Tribes through the development of sound policies and practices with respect to the conduct of gaming enterprises in Indian Country. OIGA's purpose is to educate and disseminate information to tribal, federal, and state governments and the general public on issues relating to tribal gaming.

NTGCR is a nationally respected 501(c)(6) nonprofit trade organization established to serve as a unified voice for tribal regulators and to promote consistent regulatory standards across Indian Country. At the heart of the NTGCR's mission is empowering tribal gaming regulators through education, collaboration, and regulatory enforcement enhancements. Viewing the regulation of gaming as a vital expression of tribal self-governance, the organization is dedicated to strengthening tribal sovereignty by supporting the primary regulators of Indian gaming and fostering a strong, cooperative regulatory community. Through its certification academies and educational seminars, the

MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF - 6-

NTGCR ensures that tribal gaming operations remain secure, well-regulated, and conducted with integrity and professionalism.

SMGHA is a governmental instrumentality of Yuhaaviatam of San Manuel Nation created to independently carry out the investment in, and ownership and management of, gaming and hospitality businesses outside of the San Manuel Reservation.

The Amici Tribes are 28 federally recognized Indian tribes within the meaning of the Indian Gaming Regulatory Act ("IGRA"). *See* 25 U.S.C. § 2703(5). Each of the Amici Tribes is a separate and distinct tribal government with the sovereign authority to conduct and regulate gaming activities on its Indian lands. The Amici Tribes all have a direct and immediate interest in maintaining their sovereign rights over gaming, including sports betting, on their Indian lands.

Together, the Tribal Amici all have a shared, strong interest in this case because of its potential to have a significant impact on their or their member tribes' rights regarding gaming on Indian lands, as well as Indian gaming and tribal governmental revenue as a whole. Such revenue is vital and provides funding for essential government services, tribal programs, and economic development needed to reach the goals of self-governance and self-sufficiency.

## ARGUMENT

The Local Rules for this Court do not provide the procedure for or address the propriety of amicus briefs. *See generally* Rules of Practice and Procedure of the U.S. District Court for the District of Arizona (Dec. 1, 2025). "In the absence of a federal

MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF - 7-

statute or rule governing the participation of amici in district courts, the court 'look[s] to the Federal Rules of Appellate Procedure for guidance.'" *JZ v. Catalina Foothills Sch. Dist.*, No. CV-20-00490, 2021 WL 5396089, at *1 (D. Ariz. Nov. 18, 2021) (quoting *Dible v. City of Chandler*, No. CV-03-00249, 2004 WL 7336848, at *1 (D. Ariz. Dec. 23, 2004)). "A court has 'broad discretion' when considering whether to permit an amicus brief … [and] [t]he function of amici is to aid the court in resolving a matter of public interest, supplement counsel's efforts, and illustrate law that might otherwise fail to be considered." *Id.* (citing *Council for Endangered Species Act Reliability v. Jackson*, No. CV-10-8254, 2011 WL 5882192, at *6 (D. Ariz. Nov. 23, 2011); *Miller-Wohl Co. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982)).

Here, Tribal Amici's proposed brief satisfies this standard.[3]  The Tribal Amici's proposed brief serves only to aid this Court in resolving a matter that is of public interest not just to states, but to tribes and other lawful gaming operators.  Tribal Amici aim only to supplement counsel's efforts by raising issues not fully discussed or presented to this Court and would otherwise fail to be considered.  In their response to Kalshi's motion for preliminary injunction, Defendants argue that the Commodity Exchange Act ("CEA") does not preempt Arizona's state gaming laws.  While the Tribal Amici concur with and support the arguments advanced by Defendants, the proposed amicus brief presents

---

[3] In addition, counsel for Defendants have consented to the filing of this motion and accompanying brief, and counsel for Plaintiffs takes no position on the filing of this motion and accompanying brief.

MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF - 8-

additional grounds as to why the CEA does not exclusively govern Kalshi's sports-event contracts.

In particular, the unique perspective of tribes that engage in gaming under the Indian Gaming Regulatory Act ("IGRA") will provide this Court with information that will help it deliberate this case beyond that which Defendants raise in their response. The Tribal Amici raise the issue of how Kalshi's preemption argument, if taken as true, would impliedly repeal IGRA and instead make the Commodity Futures Trading Commission a gaming regulator. Such a holding would unquestionably impact all those Tribes engaged in tribal gaming pursuant to an IGRA compact—including those tribes in Arizona that have the sovereign rights to regulate and offer gaming on their Indian lands and certain licensing rights to offer sports betting off Indian lands throughout Arizona.

As such, the Tribal Amici have a unique interest in the subject matter of this suit because it directly impacts tribal sovereignty over gaming that occurs on Indian lands, which is an important interest and adds a valuable perspective for the Court not advanced by either party.

## CONCLUSION

For the foregoing reasons, the Tribal Amici respectfully request that this Court grant their Motion for Leave to File the accompanying proposed amicus brief in support of the Defendants.

Dated: March 31, 2026                                    Respectfully submitted,

MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF - 9-

/s/ *Scott D. Crowell*
Scott Crowell (#009654)
**CROWELL LAW OFFICE**
**TRIBAL ADVOCACY GROUP PLLC**
1487 W State Rte 89A, Suite 8
Sedona, AZ 86336
Telephone: (425) 802-5369
Email: scottcrowell@clotag.net

*Counsel for Rincon Band of Luiseño Indians, Santa Ynez Band of Chumash Mission Indians, and Spokane Tribe of the Spokane Reservation*

Joseph H. Webster (*pro hac vice* forthcoming)
Elizabeth A. Bower (*pro hac vice* forthcoming)
Jens W. Camp (*pro hac vice* forthcoming)
Alexandra K. Holden (*pro hac vice* forthcoming)
**HOBBS, STRAUS, DEAN & WALKER LLP**
1899 L Street NW, Suite 1200
Washington, DC 20036
Telephone: (202) 822-8282
Email: jwebster@hobbsstraus.com
     ebower@hobbsstraus.com
     jcamp@hobbsstraus.com
     aholden@hobbsstraus.com

*Counsel for Tribal Amici*

Javier Ramos (#017442)
**GILA RIVER INDIAN COMMUNITY**
Post Office Box 97
Sacaton, AZ 85147
Telephone: (520) 562-9760
Email: Javier.Ramos@gric.nsn.us

*Counsel for Gila River Indian Community*

MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF - 10-

Bryan Newland (*pro hac vice* forthcoming)
**POWERS, PYLES, SUTTER & VERVILLE PC**
1250 Connecticut Ave N, 8th Floor
Washington, DC 20036
Telephone: (202) 349-4265
Email: Bryan.Newland@powerslaw.com

*Counsel for Bay Mills Indian Community, Mohegan Tribe of Indians of Connecticut, Rincon Band of Luiseño Indians, and Santa Ynez Band of Chumash Mission Indians*

Michael Hoenig (*pro hac vice* forthcoming)
**YUHAAVIATAM OF SAN MANUEL NATION**
422 1st Street SE
Washington, DC 20003
Telephone: (909) 936-9684
Email: Michael.Hoenig@sanmanuel-nsn.gov

*Counsel for Yuhaaviatam of San Manuel Nation and San Manuel Gaming and Hospitality Authority*

## CERTIFICATE OF SERVICE

I, Scott Crowell, certify that I filed the foregoing Motion for Leave to File Amicus

in the Court's ECF electronic filing system which sent notice to all counsel of record.

Dated: March 31, 2026

**CROWELL LAW OFFICE-TRIBAL ADVOCACY GROUP**

/s/ *Scott D. Crowell*
SCOTT D. CROWELL

MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF - 12-