Adam E. Lang (#022545)
Matt Jarvey (#031350)
Derek C. Flint (#034392)
Taryn J. Gallup (#035002)
SNELL & WILMER LLP
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2556
Telephone:    602.382.6000
Facsimile:    602.382.6070
Email: alang@swlaw.com
        mjarvey@swlaw.com
        dflint@swlaw.com
        tgallup@swlaw.com

Neal Katyal (*pro hac vice*)
Joshua B. Sterling (*pro hac vice*)
Colleen E. Roh Sinzdak (*pro hac vice*)
William E. Havemann (*pro hac vice*)
**MILBANK LLP**
1101 New York Avenue NW
Washington, DC 20005
Telephone: 202-835-7500
Facsimile: 202-263-7586
Email: nkatyal@milbank.com
        jsterling@milbank.com
        crohsinzdak@milbank.com
        whavemann@milbank.com

Grant R. Mainland (*pro hac vice*)
Andrew L. Porter (*pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone: 212-530-5000
Facsimile: 212-530-5219
Email: gmainland@milbank.com
        aporter@milbank.com

*Attorneys for Plaintiff*
*KalshiEX LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KalshiEX LLC, | No. CV-26-01715-PHX-MTL |
| Plaintiff, | **PLAINTIFF'S SUPPLEMENTAL BRIEF RE: ANTI-INJUNCTION ACT** |
| v. | |
| Jackie Johnson, in her official capacity as Director of the Arizona Department of Gaming; Douglas Jensen, in his official capacity as Chief Law Enforcement Officer of the Arizona Department of Gaming; Arizona Department of Gaming; and Kristin K. Mayes, in her official capacity as Attorney General for the State of Arizona, | |
| Defendants. | |

4900-7967-3757

The Court has requested supplemental briefing on whether the Anti-Injunction Act ("AIA"), 28 U.S.C. § 2283, bars the Court from providing the injunctive relief Kalshi requests. Order, Dkt. No. 21. The AIA does not prohibit this Court from granting the relief Kalshi requests, for two reasons. First, Kalshi seeks an injunction that would bar the prospective enforcement of Arizona's gambling laws against Kalshi rather than seeking to stay an ongoing proceeding, which is what the AIA prohibits. Second, the AIA does not apply in situations like this one where the state-court proceeding was commenced after the federal proceeding was already underway.

## ARGUMENT

Kalshi brings this suit under *Ex parte Young*, 209 U.S. 123 (1908), in which the Supreme Court recognized an "exception" to Eleventh Amendment sovereign immunity that allows "private parties to seek judicial orders in federal court preventing state executive officials from enforcing state laws that are contrary to federal law." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021) (citing *Ex parte Young*, 209 U.S. at 159–160). That is exactly what Plaintiff seeks here: an injunction against Defendants, in their capacities as state officials, from enforcing the preempted Arizona laws against Kalshi, in addition to a declaration that these laws are preempted. Mot. for Prelim. Inj. and TRO at 2, Dkt. No. 11; *see* Compl. at 25. The AIA does not bar such relief, for two reasons.

*First*, the AIA provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court . . . ." 28 U.S.C. § 2283. Kalshi has not sought an "injunction to stay proceedings" in a state court. Indeed, Kalshi could not have sought that relief, because there was no state-court proceeding to enjoin when Kalshi filed this lawsuit and sought a preliminary injunction. Instead, Kalshi seeks to restrain "state executive officials from enforcing state laws that are contrary to federal law," as well as a "declaration" that state law is preempted—both quintessentially proper forms of relief under *Ex parte Young*. *See Jackson*, 595 U.S. at 39.

*After* Kalshi filed its complaint and sought an injunction, Defendants hastened to bring criminal charges against Kalshi in state court. But the relief Kalshi seeks would

- 1 -

operate prospectively on Defendants, and it would not have the effect of staying the now-ongoing criminal proceedings. That is, if this Court grants Kalshi the relief it seeks, the result would *not* be to stay or block the state-court proceedings. Instead, the result would be that principles of preclusion would require the state court to adhere to this Court's judgment on the federal questions this Court resolves.

The possibility that a federal-court judgment will have issue-preclusive effect in ongoing state-court proceedings is not a bar to relief under the AIA. Parallel federal and state proceedings touching on the same subject matter are common. As "between state and federal courts, the rule is that the 'pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (citation omitted). If the prospect of issue preclusion triggered the AIA, federal courts would be barred from granting relief in every case where state and federal cases are proceeding in parallel. But the Supreme Court has rejected that proposition. *See Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 295 (1970) ("the state and federal courts had concurrent jurisdiction in this case, and neither court was free to prevent either party from simultaneously pursuing claims in both courts"). And indeed, the Ninth Circuit has even stated that "[t]he [AIA] *creates a presumption in favor of* permitting parallel actions in state and federal court," and that "[e]ach court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court." *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 806 (9th Cir. 2002) (emphasis added) (quoting *Kline v. Burke Constr. Co.*, 260 U.S. 226, 230 (1922)); *see also Vendo v. Lektro Vend Corp.*, 433 U.S. 623, 642 (1977) (plurality) ("We have never viewed parallel . . . actions as interfering with the jurisdiction of either court[.]").

The Court's order references cases addressing the question whether federal courts may grant injunctions to stay state-court proceedings where the state-court case was not yet pending when the federal case was filed. As described in more detail below, there is a

- 2 -

circuit split on that question, but this case does not require this Court to resolve it, because Kalshi does not seek relief that would stay the state-court proceeding.

*Second*, if the Court reaches the question, the Court should conclude that the AIA bars relief only where the state-court action was pending before the federal suit was filed. As the Supreme Court held in *Dombrowski v. Pfister*, 380 U.S. 479 (1965), where state-court indictments are "not obtained until after the filing of the [federal] complaint," the AIA does not bar a federal court from awarding relief, because "no state 'proceedings' were pending within the intendment of [the AIA]." *Id.* at 484 n.2.

Writing for the Seventh Circuit, then-Judge Stevens similarly rejected the argument that the AIA "prohibits a federal court from staying proceedings in a state court which were not commenced until after a motion to enjoin the institution of such proceedings was filed." *Barancik v. Invs. Funding Corp. of N.Y.*, 489 F.2d 933, 934 (7th Cir. 1973). As the Seventh Circuit explained, "[u]nless the applicability of the statutory bar is determined by the state of the record at the time the motion for an injunction is made, a litigant would have an absolute right to defeat a well-founded motion by taking the very step the federal court was being urged to enjoin," an "unseemly" prospect at odds with the AIA. *Id.* at 937. Citing *Dombrowski*, the court concluded that this interpretation adhered to the AIA's text given the "authority which suggests that a state court action is not 'pending' when it is instituted subsequent to the federal action wherein an injunction is sought, even though no federal injunction is in effect at the time the state court action is commenced." *Id.* at 935 n.5.

The First and Eighth Circuits follow the same rule. *See Hyde Park Partners, L.P. v. Connolly*, 839 F.2d 837, 842 n.6 (1st Cir. 1988) (concluding that the AIA does not "bar injunctive relief that would run against a state court—as, in effect, would the relief ordered here—when the federal court's injunctive power is *invoked* (i.e., requested) by the plaintiff before the state court action is commenced." (citation omitted)); *Nat'l City Lines, Inc. v. LLC Corp.,* 687 F.2d 1122, 1127 (8th Cir. 1982) ("The Anti-Injunction Act is inapplicable when a federal court has first obtained jurisdiction of a matter in controversy by the

- 3 -

4900-7967-3757

institution of suit" because the act prohibits only "interference in a 'pending' state proceeding." (citing *Dombrowski*, 380 U.S. at 484 n.2)).

As the Court's order notes, some courts have found that the AIA applies even where the state-court proceeding was filed after the federal-court proceeding. *See Denny's, Inc. v. Cake*, 364 F.3d 521, 528–531 (4th Cir. 2004); *Easterday Dairy, LLC v. Fall Line Cap., LLC*, 2022 WL 17104572, at *8 (D. Or. Nov. 22, 2022); *Monster Beverage Corp. v. Herrera*, 2013 WL 12131740, at *10–11 (C.D. Cal. Dec. 16, 2013), *aff'd in unpub'd opinion* 650 F. App'x 344, 346–347 (9th Cir. 2016). Unlike *Dombrowski*, however, none of these cases is binding on this Court. Nor are they persuasive. None of these cases addresses the Supreme Court's conclusion in *Dombrowski* that later-filed state-court cases do not trigger the AIA because such "proceedings" are not "pending" under the AIA's text. 380 U.S. at 484 n.2. In addition, none of these cases analyzes the question presented here, which is whether the AIA is implicated at all where a party seeks relief from a federal court that would not stay any state court proceeding, but instead would merely have preclusive effect. This Court should accordingly give these decisions little weight.

## CONCLUSION

For the foregoing reasons, the Court should hold that the AIA does not bar the Court from providing the injunctive relief Plaintiff requests—which does not include a request to enjoin the state-court proceeding.

DATED: March 31, 2026

Respectfully submitted,

**SNELL & WILMER L.L.P.**

*/s/Adam E. Lang*
Adam E. Lang (#022545)
Matt Jarvey (#031350)
Derek C. Flint (#034392)
Taryn J. Gallup (#035002)

- 4 -

4900-7967-3757

and

Neal Katyal (*pro hac vice*)
Joshua B. Sterling (*pro hac vice*)
Colleen E. Roh Sinzdak (*pro hac vice*)
William E. Havemann (*pro hac vice*)
**MILBANK LLP**
1101 New York Avenue NW
Washington, DC 20005
Telephone: 202-835-7500
Facsimile: 202-263-7586

Grant R. Mainland (*pro hac vice*)
Andrew L. Porter (*pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone: 212-530-5000
Facsimile: 212-530-5219

*Attorneys for Plaintiff KalshiEX LLC*

- 5 -