**KRISTIN K. MAYES**
**Attorney General**
(Firm State Bar No. 14000)

Joshua D. Bendor (Bar No. 031908)
Alexander W. Samuels (Bar No. 028926)
William Y. Durbin (Bar No. 036941)
Joshua A. Katz (Bar No. 039449)
Office of the Arizona Attorney General
2005 N. Central Avenue
Phoenix, AZ 85004-1592
(602) 542-3333
Joshua.Bendor@azag.gov
Alexander.Samuels@azag.gov
William.Durbin@azag.gov
Joshua.Katz@azag.gov
ACL@azag.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| KalshiEX LLC, | No. CV-26-01715-PHX-MTL (Lead Case) |
| Plaintiff, | |
| v. | Consolidated with: No. CV-26-02246-PHX-DMF |
| Jackie Johnson, et al., | |
| Defendants. | **DEFENDANTS' RESPONSIVE SUPPLEMENTAL BRIEF ADDRESSING THE ANTI-INJUNCTION ACT** |

Kalshi has made a stunning concession. After initially urging the Court to reach a decision on the Motion for a Preliminary Injunction before its arraignment, *see* Hr'g Tr. at 12:3–9, Mar. 16, 2026, Kalshi now cries uncle and repeatedly concedes that it does *not* seek "to stay or block the state-court proceedings." Kalshi AIA Br. (ECF No. 26) at 2; *accord id.* at 3 ("Kalshi does not seek relief that would stay the state-court proceeding."); *id.* at 4 ("[N]one of these cases analyzes the question presented here, which is whether the AIA is implicated at all where a party seeks relief from a federal court that would not stay any state court proceeding[.]"); *id.* ("[T]he injunctive relief Plaintiff requests . . . does not include a request to enjoin the state-court proceeding.").

That binding concession ends what had been the core dispute before this Court: whether to enjoin the pending state court criminal prosecution. Kalshi now does not seek such an injunction, presumably because it realizes that it would be barred by the Anti-Injunction Act and *Younger* abstention. Regardless of the reason, after Kalshi's disavowal, the Court need not decide whether such an injunction is merited or barred.

Instead, Kalshi now seeks relief that would "operate prospectively on Defendants," and "principles of preclusion would require the state court to adhere to this Court's judgment on the federal questions this Court resolves." *Id.* at 2. In other words, Kalshi appears to seek an injunction against future enforcement actions (but not the pending one), and to hope that such an injunction has preclusive effect on the pending prosecution.

That requires Kalshi to show that future prosecutions are imminent, which it has not done. Nor do federal courts issue preliminary injunctions in the hopes that they will have preclusive effect (which they don't). Kalshi also has not shown entitlement to its newly requested injunction under the traditional four-factor test. Its other arguments also miss the mark. The Court should deny the Motion and dismiss the case.

I.     **Kalshi cannot show imminent injury and its hopes for preclusion are not an adequate replacement under Article III or the law of preclusion.**

Federal courts do not issue preliminary injunctions when there is no imminent injury to enjoin. The Supreme Court has repeatedly held that "threatened injury must be

1

*certainly* impending to constitute injury in fact," and that "[a]llegations of *possible* future injury" are not sufficient. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (alteration and emphases in original) (citing cases). Kalshi has not provided any evidence that the Attorney General or the Director of the Department of Gaming will imminently bring any enforcement actions other than the pending state court criminal prosecution, which Kalshi has now said it is not seeking to enjoin. With no imminent injury, Kalshi is left asking this Court for a declaration of rights in a hypothetical case—i.e., an advisory opinion. This Court should decline the request. *See Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 378–79 (2024); U.S. Const. art. 3.

Kalshi's hope for preclusion cannot give it standing for the injunction it now seeks. Federal courts do not issue advisory opinions just to have preclusive effect on some other case pending in state court; there must be a case or controversy before the federal court. And anyways, the "granting [of] a preliminary injunction . . . is not a final judgment sufficient for collateral estoppel purposes." *Yosemite Tenants Ass'n v. Lujan*, 911 F.2d 740 (9th Cir. 1990) (alterations in original) (quoting *Starbuck v. City & County of San Francisco*, 556 F.2d 450, 457 n.13 (9th Cir. 1977)).

**II.      Kalshi is not entitled to an injunction against future prosecutions.**

Even if it had standing, and setting aside its massive problems on the merits,[1] Kalshi could not show that it is entitled to an injunction against only future enforcement. Enjoining the Attorney General from bringing future prosecutions similar to the present

---

[1] Kalshi's merits problems are heightened by the revelation that, in official filings with the Patent and Trademark Office, Kalshi labeled its operations "[b]ookmaking services, namely, providing of information related to sports betting; organizing, arranging, conducting sports betting and gambling tournaments, competitions and contests," U.S. Trademark Application Serial No. 99301848 (filed July 24, 2025), https://tsdr.uspto.gov/documentviewer?caseId=sn99301848&docId=APP20250724183402#docIndex=3&page=1; U.S. Trademark Application Serial No. 99488522 (filed Nov. 10, 2025), https://tsdr.uspto.gov/documentviewer?caseId=sn99488522&docId=APP2025111016474 1#docIndex=3&page=1; Dan Bernstein, *Kalshi Classifies Itself as 'Gambling' in Federal Trademark Request*, Sportico (Apr. 2, 2026), https://www.sportico.com/business/sports-betting/2026/kalshi-gambling-trademark-request-prediction-market-1234888955.

one would raise serious federalism concerns. *See, e.g.*, *Juidice v. Vail*, 430 U.S. 327, 334 (1977) ("[T]he more vital consideration behind the *Younger* doctrine . . . lay not in the fact that the state criminal process was involved but rather in the notion of comity[.]") (citations omitted). And in light of those federalism concerns, and the reduced benefits that Kalshi would obtain from the diminished injunction it now seeks, Kalshi cannot show irreparable harm or that the balance of equities and public interest favor such an injunction while the pending state court prosecution proceeds.

**III.    Kalshi cannot reframe its claim to get past the bar of the Act.**

In case Kalshi tries to wriggle out of its concession by seeking an injunction to indirectly bar Defendants from prosecuting the pending state court action, the Act "cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding." *L.A. Mem'l Coliseum Comm'n v. City of Oakland*, 717 F.2d 470, 473 (9th Cir. 1983) (quoting *Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970)). That case involved the move of the Raiders professional football team from Oakland to Los Angeles. *Id.* at 470–71. The City of Oakland filed an eminent domain action in state court to acquire the Raiders, and the owners of the L.A. Coliseum (the stadium that would serve as the team's new home) filed an action in federal court to enjoin the state action. *Id.* at 471. The Ninth Circuit upheld dismissal, finding the district court had no authority to enjoin the state court eminent domain action. *Id.* at 470. In so doing, the court rejected the Coliseum's argument that the district court could have enjoined Oakland or the eventual new team owner from moving the Raiders back to Oakland. *Id.* at 473.

Thus, binding precedent makes clear that a plaintiff may not achieve the same objective that the Act prohibits by cleverly crafting relief against the defendants to accomplish the same end. *See also California v. Randtron*, 284 F.3d 969, 975 (9th Cir. 2002) ("The Anti-Injunction Act applies although the injunction would be directed at a litigant (here, [Defendants]) instead of the state court proceeding itself.").

Tellingly, Kalshi makes no attempt to argue that it comes within any of the three exceptions spelled out in the Act. This Court should find the Act applies and dismiss Kalshi's Complaint or, at a minimum, deny its Motion.

**IV.    Kalshi's request for a preclusive declaration fares no better.**

Kalshi also requests a declaration that the Commodity Exchange Act preempts Arizona gambling law. This Court should deny that request. First, declaratory relief is a final decision on the merits, *see* Fed. R. Civ. P. 54(a); 28 U.SC. § 1291; it cannot be obtained on a motion for a preliminary injunction, which is an interlocutory order, *see* 28 U.S.C. § 1292(a)(1). *See also* Fed. R. Civ. P. 57 (providing a separate procedure for speedy hearings for declaratory judgment actions, separate from Rule 65 motions for a preliminary injunction). Second, because the Act bars an injunction, the Act also bars the issuance of a declaratory judgment that would have the same effect. *See Randtron*, 284 F.3d at 975 ("The Anti-Injunction Act also applies to declaratory judgments if those judgments have the same effect as an injunction.").

**V.    Courts apply the Act even when the federal proceeding was filed before the state proceeding.**

Kalshi argues that the Anti-Injunction Act does not apply when the federal suit is filed first. That appears to be a moot point, given Kalshi's concession that it is not seeking to enjoin the pending state court prosecution. Just in case, Defendants will address it.

Kalshi bases its argument on *Barancik v. Investors Funding Corp. of New York*, 489 F.2d 933 (7th Cir. 1973), which Defendants addressed in their initial supplemental brief. The only other support Kalshi can muster is a footnote from *Dombrowski v. Pfister*, 380 U.S. 479 (1965), which found a federal court erred in dismissing a suit to enjoin Louisiana's alleged attempt to use its Subversive Activities and Communist Control Law and Communist Propaganda Control Law to harass a civil rights organization. In a footnote, the Supreme Court held that the Anti-Injunction Act did not require dismissal of the federal lawsuit, as there was no state court proceeding when the federal lawsuit was dismissed. *Id.* at 484 n.2. The Court noted that indictments are not themselves

4

"'proceedings' against which injunctive relief is precluded" under the Anti-Injunction Act, and "[t]he indictments were obtained only because the District Court erroneously dismissed the complaint and dissolved the temporary restraining order." *Id.*  But here, there is a pending state court criminal proceeding, and the Information was filed before any proceeding on the merits in federal court.

The Supreme Court later analyzed *Dombrowski* at length in *Younger v. Harris*, 401 U.S. 37 (1971), finding, among other things, that *Dombrowski* was based on the specific circumstances of that case: substantial allegations in the federal complaint that Louisiana's prosecuting authorities had extensively harassed the plaintiffs (e.g., raiding their offices and seizing their files pursuant to warrants that were later summarily vacated for lack of probable cause) with no expectation of securing valid convictions and with an overriding purpose of depriving plaintiffs of their constitutional rights.  *Younger*, 401 U.S. at 48 (citing *Dombrowski*, 380 U.S. at 482).  Any suggestion that the conduct of Arizona state officials enforcing generally applicable gambling laws is anything like the conduct of the Jim Crow-era Louisiana officials in *Dombrowski* is way off base.

The Anti-Injunction Act provides that "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  As explained in Defendants' initial supplemental brief (at 1–3), sister courts in this Circuit have rightly adopted the majority rule that, pursuant to its text, the Anti-Injunction Act applies regardless of the order in which the state and federal cases were filed.  This Court should adhere to the text and the majority view.

## CONCLUSION

Kalshi has disavowed any request that this Court enjoin the pending state court proceedings.  It has not shown that any other prosecutions are imminent, and even if it had, it has not satisfied the traditional four-factor test for a preliminary injunction as to those future prosecutions.  This Court should therefore deny Kalshi's Motion for Preliminary Injunction and dismiss the case.

RESPECTFULLY SUBMITTED this 2nd day of April, 2026.

**KRISTIN K. MAYES**
**ATTORNEY GENERAL**

By  /s/ *William Y. Durbin*
      Joshua D. Bendor
      Alexander W. Samuels
      William Y. Durbin
      Joshua A. Katz
      Office of the Arizona Attorney General
      2005 N. Central Ave.
      Phoenix, AZ 85004

*Attorneys for Defendants*