Adam E. Lang (#022545)
Matt Jarvey (#031350)
Derek C. Flint (#034392)
Taryn J. Gallup (#035002)
SNELL & WILMER LLP
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2556
Telephone:    602.382.6000
Facsimile:    602.382.6070
Email: alang@swlaw.com
        mjarvey@swlaw.com
        dflint@swlaw.com
        tgallup@swlaw.com

Neal Katyal (*pro hac vice*)
Joshua B. Sterling (*pro hac vice*)
Colleen E. Roh Sinzdak (*pro hac vice*)
William E. Havemann (*pro hac vice*)
**MILBANK LLP**
1101 New York Avenue NW
Washington, DC 20005
Telephone: 202-835-7500
Facsimile: 202-263-7586
Email: nkatyal@milbank.com
        jsterling@milbank.com
        crohsinzdak@milbank.com
        whavemann@milbank.com

Grant R. Mainland (*pro hac vice*)
Andrew L. Porter (*pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone: 212-530-5000
Facsimile: 212-530-5219
Email: gmainland@milbank.com
        aporter@milbank.com

*Attorneys for Plaintiff
KalshiEX LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| KalshiEX LLC, | No. CV-26-01715-PHX-MTL |
| Plaintiff, | **PLAINTIFF'S RESPONSE BRIEF RE: ANTI-INJUNCTION ACT** |
| v. | |
| Jackie Johnson, et al., | |
| Defendants. | |

The Anti-Injunction Act ("AIA") does not bar the relief Kalshi seeks. The plain text of that statute provides that a federal court "may not grant an injunction to stay proceedings in a State court." 28 U.S.C. § 2283. As Kalshi explained in its opening brief, it has not sought an injunction against any state-court proceedings. *See* Kalshi Pl.'s Supp. Br. re AIA at 1–3, Dkt. No. 26 ("Pl.'s AIA Br."). Indeed, it could not possibly have requested that relief because there were no pending state-court proceedings when Kalshi filed its complaint, nor were there any pending state-court proceedings when Kalshi moved for preliminary injunctive relief. It was not until a few minutes into this Court's status conference regarding Kalshi's request for a temporary restraining order that Kalshi was made aware that a state criminal information had been filed against it. Accordingly, Kalshi's complaint sought a prospective injunction barring state officials from prosecuting Kalshi in violation of federal law. That is the classic form of relief sought in *Ex parte Young* actions (and in *Ex parte Young* itself), and the AIA does not prevent the Court from granting that injunctive relief here.

To be clear, the fact that Kalshi is not seeking an injunction against any state proceedings means the AIA does not apply; it does *not* at all mean that the injunctive relief Kalshi seeks will have no effect on the state criminal proceedings. In its opening brief, Kalshi offered two independent reasons why a decision from this Court would put an end to the state-court proceedings without violating the AIA. First, basic principles of issue preclusion mean that once this Court finds that Arizona's enforcement efforts are preempted, the state court must also find the state laws preempted, necessitating the dismissal of the state prosecution—regardless of whether the AIA prevents the Court from directly enjoining the state proceedings. Second, the AIA does *not* prevent an injunction directly barring the state-court proceedings in this case because they were filed after the federal suit had already begun. The Supreme Court held as much in *Dombrowski v. Pfister*, 380 U.S. 479 (1965), explaining that "subsequently obtained indictments" are simply *not* proceedings "against which injunctive relief is precluded by" the AIA. *Id.* at 484 n.2.

Defendants do not fully respond to either of these points, and their arguments fail for three additional reasons. First, this case falls comfortably within the AIA's plain text exception for proceedings "necessary to preserve exclusive federal jurisdiction." *Sycuan Band of Mission Indians v. Roache*, 54 F.3d 535, 540 (9th Cir. 1994); *see also* 28 U.S.C. § 2283. Second, the AIA does not apply to declaratory judgments, and Kalshi has also sought that form of relief. And finally, the AIA does not apply against the United States, which is now a party in this consolidated action.

## ARGUMENT

As Kalshi explained in its opening brief, the AIA imposes no impediment to the relief it has requested. That is both because the requested relief is *not* an "injunction to stay proceedings in a State court," 28 U.S.C. § 2283, and because the AIA has no application to subsequently filed state-court proceedings.

*First*, Kalshi is not seeking an injunction against the current state-court proceedings. Indeed, it could not be seeking that relief because the state-court proceedings did not exist when Kalshi filed its complaint and motion for preliminary injunction. Kalshi therefore sought an injunction barring future enforcement activities by the state, not an injunction to block an ongoing state prosecution. But basic principles of issue preclusion mean that granting Kalshi's requested relief will nonetheless bring the now-pending criminal proceedings to a close because, once this Court holds that Arizona's state laws are preempted, the state court will be required to follow suit and dismiss the criminal proceedings. Pl.'s AIA Br. 2. And that is so even if the AIA were construed to require the Court to limit its injunctive relief to prevent any more direct effect on the ongoing criminal proceedings.[1]

---

[1] Defendants have suggested that, in arguing that issue preclusion applies, Kalshi somehow conceded that its requested injunctive relief is not an impediment to the ongoing state prosecution. That is incorrect. Kalshi clarified that although it had not sought an order against the state court itself, the effect of Kalshi's requested relief would nonetheless bring those state proceedings to a close because of preclusion. Pl.'s AIA Br. 2. In saying as much, Kalshi did not disclaim that its requested injunction would *also* prevent the state officials from taking any further actions in the ongoing criminal prosecution. To the

*Second*, the AIA does not prevent this Court from enjoining the state-court proceedings because those proceedings were initiated after this suit was filed. *Dombrowski* squarely holds as much. In that case, the Court explained that "subsequently obtained indictments" are simply *not* proceedings "against which injunctive relief is precluded by" the AIA. 380 U.S. at 484 n.2. And that language was essential to the Court's holding that the plaintiffs were entitled to an order "restraining prosecution of the pending indictments against the individual appellants." *Id.* at 497.

Defendants have *nothing* to say about *Dombrowski*. They do not cite it. Instead, they focus (at 2–3) on a circuit split on the issue and contend that the majority of circuits hold that the AIA bars injunctions against subsequently filed state proceedings. Even if that were true, it would be irrelevant because circuit precedent cannot trump the Supreme Court's holdings. But in fact, Defendants are mistaken. They identify (at 3) two circuits that have adopted the view that the AIA bars suits for injunctive relief regardless of when the state-court proceeding began, and they concede the Ninth Circuit has not spoken on the issue. Meanwhile, at least three circuits—including the Seventh Circuit, in an opinion written by a future Supreme Court Justice—have held that when a federal action was commenced before a state proceeding, the AIA does not bar a district court from issuing an injunction. *See Hyde Park Partners, L.P. v. Connolly*, 839 F.2d 837, 842 n.6 (1st Cir. 1988); *Barancik v. Invs. Funding Corp. of N.Y.*, 489 F.2d 933, 934 (7th Cir. 1973) (Stevens, J.); *Nat'l City Lines, Inc. v. LLC Corp.,* 687 F.2d 1122, 1127–28 (8th Cir. 1982). The latter approach is clearly correct. Were it otherwise, any federal action in which injunctive relief is sought would be at the mercy of defendants' "absolute right to defeat a well-founded motion by taking the very step the federal court was being urged to enjoin." *Barancik*, 489 F.2d at 937.

---

contrary, Kalshi went on to explain why the AIA did not prevent such an injunction with respect to subsequently filed criminal actions, and why courts that have reached a contrary conclusion are wrong. *See* Pl.'s AIA Br. 3–5.

- 3 -

*Third*, that is enough for the court to reject Defendants' contention that the AIA bars Kalshi's requested relief. But, should the Court conclude that the AIA would otherwise bar relief, Defendants are also wrong in asserting (at 3–4) that no textual exception to the AIA applies. To the contrary, Kalshi's requested relief falls within the exception for proceedings "necessary in aid of [a district court's] jurisdiction." 28 U.S.C. § 2283. The Ninth Circuit has explained that this exception applies where an injunction is "necessary to preserve exclusive federal jurisdiction." *Sycuan Band of Mission Indians*, 54 F.3d at 540. That is the case here because the CEA places transactions on a registered exchange within the federal government's exclusive jurisdiction, and 7 U.S.C. § 13a-2(1) further provides that—with the sole exception of anti-fraud actions—any state suit regarding the CEA must be brought in federal court. An injunction here would therefore vindicate the exclusive jurisdiction of the CFTC and the federal courts.

*Fourth*, while the Court need not reach the issue, Defendants likewise err in asserting (at 2) that the AIA would bar even the declaratory judgment that Kalshi has additionally requested. The Court's order, Dkt. No. 21, sought briefing only on the issue of injunctive relief because declaratory relief is meaningfully distinct from the injunctions against state proceedings that the AIA prohibits. The Supreme Court held as much in *Steffel v. Thompson*, 415 U.S. 452, 469 (1974), where it recognized that a declaratory judgment is a less intrusive form of relief that a court may issue even when an injunction is inappropriate. *Id.* at 475; *see also Union Pac. R.R. Co. v. City of Palestine*, 41 F.4th 696, 708 (5th Cir. 2022) (affirming grant of declaratory relief where plaintiff "filed first" in search of "legal clarity" while defendants sought to block the federal proceedings by filing a second suit in state court).

*Finally*, this Court has consolidated Kalshi's case with a suit brought by the United States and the CFTC against the State of Arizona and other Defendants in Kalshi's case. In the now-consolidated suit, the federal government has requested that this Court grant "a permanent injunction that prohibits Defendants . . . from enforcing the challenged provisions or any other state laws pertaining to gambling or wagering, as applied to CFTC-

- 4 -

Designated Contract Markets."  Compl. at 31, *United States v. Arizona*, No. 2:26-cv-2246 (D. Ariz. Apr. 2, 2026).  It is well-settled that the AIA "does not apply to injunctions issued at the request of the United States or administrative agencies enforcing applicable federal law." *SEC v. Wencke*, 622 F.2d 1363, 1368 (9th Cir. 1980); *see also Mitchum v. Foster*, 407 U.S. 225, 235–236 (1972) (the AIA "permits a federal injunction of state court proceedings when the plaintiff in the federal court is the United States itself, or a federal agency asserting 'superior federal interests'" (quoting *Leiter Minerals, Inc. v. United States*, 352 U.S. 220, 226 (1957)); *NLRB. v. Nash-Finch Co.*, 404 U.S. 138, 147 (1971) (AIA does not apply where federal government or its agencies are a party because in such cases "access to the federal courts is preferable in the context of healthy federal-state relations" (citation modified)).  Because the AIA undisputedly authorizes the United States to seek an injunction of the state proceedings against Kalshi, and because the United States' case has now been consolidated with Kalshi's, that further underscores that the AIA poses no barrier to injunctive relief.

### CONCLUSION

For the foregoing reasons, the AIA does not bar the Court from providing the injunctive relief Kalshi requests.

DATED: April 2, 2026

Respectfully submitted,

**SNELL & WILMER L.L.P.**

*/s/ Adam E. Lang*
Adam E. Lang (#022545)
Matt Jarvey (#031350)
Derek C. Flint (#034392)
Taryn J. Gallup (#035002)

and

Neal Katyal (*pro hac vice*)
Joshua B. Sterling (*pro hac vice*)
Colleen E. Roh Sinzdak (*pro hac vice*)
William E. Havemann (*pro hac vice*)
**MILBANK LLP**
1101 New York Avenue NW
Washington, DC 20005
Telephone: 202-835-7500
Facsimile: 202-263-7586

Grant R. Mainland (*pro hac vice*)
Andrew L. Porter (*pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone: 212-530-5000
Facsimile: 212-530-5219

*Attorneys for Plaintiff KalshiEX LLC*