Adam E. Lang (#022545)
Matt Jarvey (#031350)
Derek C. Flint (#034392)
Taryn J. Gallup (#035002)
SNELL & WILMER LLP
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2556
Telephone:   602.382.6000
Facsimile:   602.382.6070
Email: alang@swlaw.com
       mjarvey@swlaw.com
       dflint@swlaw.com
       tgallup@swlaw.com

Neal Katyal (*pro hac vice*)
Joshua B. Sterling (*pro hac vice*)
Colleen E. Roh Sinzdak (*pro hac vice*)
William E. Havemann (*pro hac vice*)
**MILBANK LLP**
1101 New York Avenue NW
Washington, DC 20005
Telephone: 202-835-7500
Facsimile: 202-263-7586
Email: nkatyal@milbank.com
       jsterling@milbank.com
       crohsinzdak@milbank.com
       whavemann@milbank.com

Grant R. Mainland (*pro hac vice*)
Andrew L. Porter (*pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone: 212-530-5000
Facsimile: 212-530-5219
Email: gmainland@milbank.com
       aporter@milbank.com

*Attorneys for Plaintiff*
*KalshiEX LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| KalshiEX LLC, | No. CV-26-01715-PHX-MTL |
| Plaintiff, | **PLAINTIFF'S NOTICE RE STATUS OF AGREEMENT AND REQUEST FOR IMMEDIATE TEMPORARY RESTRAINING ORDER** |
| v. | |
| Jackie Johnson, et al., | |
| Defendants. | |

4911-5443-1133

Plaintiff KalshiEx LLC ("Kalshi") hereby provides notice in response to the Court's April 2, 2026 Order (Doc. No. 38) and requests an immediate temporary restraining order in light of Defendants' continued bad faith litigation tactics.

Shortly after yesterday's hearing, Kalshi proactively reached out to Defendants' counsel to convene a call to determine if the parties would be able to reach an agreement to avoid burdening the Court with the need to address entering a temporary restraining order. Kalshi viewed the conversation as productive and sent Defendants a draft proposal yesterday, at 8:18 p.m., it believed reflected their discussions. Yesterday, at 8:54 p.m., Defendants' counsel responded, raising a concern with respect to deadlines included in Kalshi's proposal. Accordingly, yesterday, at 9:47 p.m., Kalshi responded, offering a modification it believed would be mutually agreeable and would avoid the risk of imposing a constraint that would limit the ability of the Consolidated Plaintiffs to fully brief their forthcoming motion for preliminary injunction, and for the Court to consider that motion. Defendants' counsel did not respond yesterday.

Having not heard from Defendants, this morning, at 7:32 a.m., Kalshi followed up, attaching a revised proposed notice reflecting its proposed compromise, and offering a call to discuss. Kalshi followed up again at 8:26 a.m. At 8:37 a.m., Defendants' counsel responded indicating that he was typing an email. At 8:41 a.m., Defendants' counsel emailed to say Defendants could not agree to our proposal and that Defendants intend to move forward with the arraignment based on the erroneous assertion that Kalshi's AIA reply brief had made a "further concession" that Kalshi "is not seeking to stay or enjoin the state court proceedings." That simply is untrue. Kalshi's reply brief repeatedly explained that it's requested relief "would put an end to the state-court proceedings without violating the AIA." Kalshi AIA Reply 1. Moreover, the brief included a footnote expressly rejecting Defendants' spurious claim that Kalshi had conceded otherwise:

> Defendants have suggested that, in arguing that issue preclusion applies, Kalshi somehow conceded that its requested injunctive relief is not an impediment to the ongoing state prosecution. That is incorrect. Kalshi

4911-5443-1133

clarified that although it had not sought an order against the state court itself, the effect of Kalshi's requested relief would nonetheless bring those state proceedings to a close because of preclusion. Pl.'s AIA Br. 2. In saying as much, Kalshi did not disclaim that its requested injunction would *also* prevent the state officials from taking any further actions in the ongoing criminal prosecution. To the contrary, Kalshi went on to explain why the AIA did not prevent such an injunction with respect to subsequently filed criminal actions, and why courts that have reached a contrary conclusion are wrong. *See* Pl.'s AIA Br. 3–5.

In light of this clear language, Defendants' insistence that Kalshi has conceded that their injunction will not halt the criminal proceedings can only be a willful misreading of the record that continues the bad faith litigation strategy Defendants have adopted throughout. That is reason enough to grant a temporary restraining order without further delay.

In order to assist the Court in considering this request, Plaintiffs are attaching the correspondence between the parties on these issues and Kalshi's final proposal to Defendants as exhibits. Kalshi will be prepared to address these issues with the Court at this afternoon's hearing.

DATED: April 3, 2026

Respectfully submitted,

**SNELL & WILMER L.L.P.**

*/s/ Adam E. Lang*
Adam E. Lang (#022545)
Matt Jarvey (#031350)
Derek C. Flint (#034392)
Taryn J. Gallup (#035002)

and

Neal Katyal (*pro hac vice*)
Joshua B. Sterling (*pro hac vice*)
Colleen E. Roh Sinzdak (*pro hac vice*)
William E. Havemann (*pro hac vice*)

- 2 -

**MILBANK LLP**
1101 New York Avenue NW
Washington, DC 20005
Telephone: 202-835-7500
Facsimile: 202-263-7586

Grant R. Mainland (*pro hac vice*)
Andrew L. Porter (*pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone: 212-530-5000
Facsimile: 212-530-5219

*Attorneys for Plaintiff KalshiEX LLC*

4911-5443-1133