**KRISTIN K. MAYES**
**Attorney General**
(Firm State Bar No. 14000)

Joshua D. Bendor (Bar No. 031908)
Alexander W. Samuels (Bar No. 028926)
William Y. Durbin (Bar No. 036941)
Joshua A. Katz (Bar No. 039449)
Office of the Arizona Attorney General
2005 N. Central Avenue
Phoenix, AZ 85004-1592
(602) 542-3333
Joshua.Bendor@azag.gov
Alexander.Samuels@azag.gov
William.Durbin@azag.gov
Joshua.Katz@azag.gov
ACL@azag.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| KalshiEX LLC, | No. CV-26-1715-PHX-MTL |
| Plaintiff, | |
| v. | **DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY** |
| Jackie Johnson, et al., | |
| Defendants. | |

The Third Circuit, as Plaintiff noted in its Notice, recently held that Kalshi was entitled to preliminary injunctive relief preventing state enforcement of gambling laws against it.  *KalshiEX, LLC v. Flaherty*, No. 25-1922 (3d Cir. Apr. 6, 2026).  That non-binding case's dissent provides useful context and legal analysis that should inform this Court as much as the majority opinion.

That case held, regarding the definition of a swap, that a "plain reading of the [Commodity Exchange] Act's text suggests that Kalshi's sports-event contracts fit comfortably within the statutory definition" of a swap.  *Id.*, slip op. at 8 (citation omitted).  However, as the dissent points out, this reading would "defy rationality."  Dissenting op. at 3 (Roth, J., dissenting) (cleaned up) (quoting *Riccio v. Sentry Credit, Inc.*, 954 F.3d 582, 588 (3d Cir. 2020)).  This would lead to swaps "likely encompass[ing] virtually every kind of wager."  *Id.*  Because the trading of swaps outside of a DCM is illegal, all gamblers (including those who follow state law) would then be guilty of unauthorized trading.  *Id.*

The Third Circuit also found the CEA preempted state law, under both field and conflict preemption theories.  Slip op. at 9.  Again, the dissent provides useful context.  As to both, the presumption against preemption requires a "'clear and manifest purpose' for federal law to supersede states' 'historic police powers' over gambling regulation."  Dissenting op. at 10 (quoting *Rice v Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)).  The majority did not dispute this, but instead held the presumption inapplicable.  *Id.* (quoting slip op. at 14).  But what is relevant is the history of state regulation, not "the presence of federal regulation, however longstanding."  *Id.*

The dissent also adds useful insight regarding field preemption specifically.  First, the majority relied on the CFTC requirement that a DCM provide "impartial access to its markets and services."  17 C.F.R. § 38.151(b); *see* dissenting op. at 15.  When state laws (there, New Jersey's) would prevent Kalshi from selling contracts with a state resident on one side and a non-resident on the other, the majority concluded Kalshi cannot comply with both.    But "[t]he impartial access requirement does not mandate that a particular

market exist." Dissenting op. at 15. All it requires is that "members, persons with trading privileges, and independent software vendors" have "impartial access to its markets and services." 17 C.F.R. § 38.151(b). Kalshi can operate in a state like New Jersey by "establish[ing] different categories of market participants … as long as it does not 'discriminate within th[e] particular category'" of New Jersey traders. Dissenting op. at 16 (alteration accepted) (quoting Core Principles and Other Requirements for Designated Contract Markets, 75 Fed. Reg. 80579 (Dec. 22, 2010)).

What is more, contracts that involve "gaming" should not even be listed on Kalshi's exchange. *Id.* at 17. A regulation requires the CFTC to delist them as against the public interest. *See* 17 C.F.R. § 40.11(a)(1), (2); dissenting op. at 17. Applying state law to contracts that violate federal law "cannot be conflict preempted." Dissenting op. at 17.

Finally, when Congress gave CFTC jurisdiction over swaps in the Dodd-Frank Act, gaming contracts "were a peripheral concern." *Id.* at 20. That a federal law touches on a peripheral concern does not suffice for preemption. *Id.* (citing *N.Y. Susquehanna & W. Ry. Corp. v. Jackson*, 500 F.3d 238, 252 (3d Cir. 2007) and *Chi. & N. W. Transp. Co. v. Kalo Brick & Tile Co.*, 450 U.S. 311, 317 (1981)).

**RESPECTFULLY SUBMITTED** this 7th day of April, 2026.

**KRISTIN K. MAYES**
**ATTORNEY GENERAL**

By  */s/ Joshua A. Katz*
    Joshua D. Bendor
    Alexander W. Samuels
    William Y. Durbin
    Joshua A. Katz
    Office of the Arizona Attorney General
    2005 N. Central Avenue
    Phoenix, AZ 85004-1592
    Telephone: (602) 542-3333
    Joshua.Bendor@azag.gov
    Alexander.Samuels@azag.gov
    William.Durbin@azag.gov
    Joshua.Katz@azag.gov
    ACL@azag.gov

    *Attorneys for Defendants*