**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

KalshiEX LLC,

       Plaintiff,

v.

Jackie Johnson, et al.,

       Defendants.

No. CV-26-01715-PHX-MTL

**ORDER**

This Order addresses Consolidated Plaintiffs United States and Commodity Futures Trading Commission's (collectively, the "CFTC") Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 49). The CFTC seeks temporary and preliminary relief enjoining Defendants from prosecuting actions related to event contracts listed on CFTC-regulated Designated Contract Markets ("DCM"). (Doc. 49-1 at 2.)

**I.**

The Court must first determine that certain threshold issues are satisfied.

1.    The Court finds that the CFTC has standing to sue to enjoin enforcement of preempted state laws. "[T]he general rule [is] that the United States may sue to protect its interests." *Wyandotte Transp. Co. v. United States*, 389 U.S. 191, 201 (1967). The CFTC may sue to enjoin the enforcement of preempted state law, as the United States has done in prior suits. *See United States v. Sup. Ct. of N.M.*, 839 F.3d 888, 906 n.9 (10th Cir. 2016) (citing *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 325-27 (2015)) (finding "in favor of . . . permitting the United States to invoke preemption in order to protect its

interest"); *see also United States v. Arizona*, 567 U.S. 387, 416 (2012) (affirming in part a preliminary injunction barring enforcement of preempted state law).

2.    The Court is not compelled to abstain under *Younger v. Harris*, 401 U.S. 37 (1971), since the United States is a party. *See United States v. Morros*, 268 F.3d 695, 699, 707-08 (9th Cir. 2001).

3.    The Anti-Injunction Act, 28 U.S.C. § 2283, does not bar this Court from enjoining the state court proceedings because the United States and the CFTC are the parties seeking injunctive relief. *Sec. & Exch. Comm'n v. Wencke*, 577 F.2d 619, 623 (9th Cir. 1978).

4.    Defendants' asserted laches defense does not apply to the CFTC. *See United States v. Summerlin*, 310 U.S. 414, 416 (1940) ("It is well settled that the United States is not . . . subject to the defense of laches in enforcing its rights."). Even if it did, the Court finds that the CFTC's mere delay of weeks to file its Motion is not unreasonable, and Defendants have provided no argument that they were prejudiced.

## II.

To grant a temporary restraining order, the Court must consider the factors outlined in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (holding that the standard for issuing a temporary restraining order is the same as that for a preliminary injunction).

1.    The Court finds that the CFTC has made a clear showing that it is likely to succeed on the merits of its claim that Arizona's gambling laws are preempted by the Commodity Exchange Act ("CEA"). *Accord KalshiEX, LLC v. Flaherty*, — F.4th —, 2026 WL 924004 (3d Cir. Apr. 6, 2026).

The CFTC has sufficiently demonstrated that event contracts fall within the CEA's definition of "swaps," 7 U.S.C. § 1a(47)(A)(ii). The Act defines a "swap" as "any agreement, contract, or transaction . . . that provides for any purchase, sale, payment, or delivery . . . that is dependent on the occurrence, nonoccurrence, or the extent of the

occurrence of an event or contingency associated with a potential financial, economic, or commercial consequence." *Id.* Event contracts, which are based on the occurrence or nonoccurrence of a specified future event, are associated with financial, economic, or commercial consequences. This finding is not boundless. It is constrained by a limiting principle that recognizes only those downstream financial consequences that are direct and proximate to the underlying event, as reflected by the examples provided by the CFTC on the record.

The CFTC has demonstrated a reasonable chance of success in showing that the Act, at a minimum, field preempts Arizona law. The Act grants the CFTC "exclusive jurisdiction" over the regulation of "swaps . . . traded or executed on a [DCM]." 7 U.S.C. § 2(a)(1)(A). This Court agrees with and adopts the view that if "event contracts are swaps under the Act, . . . the scope of field preemption [is] the regulation of trading on a DCM." *Flaherty*, 2026 WL 924004, at *4. Defendants' enforcement of Arizona's gambling laws therefore violates the Supremacy Clause of the United States Constitution, U.S. Const. art. VI, cl. 2, due to the CFTC's exclusive jurisdiction over DCMs.

2.      The Court finds that the CFTC has clearly shown that it will suffer irreparable harm absent an injunction. A violation of the Supremacy Clause itself creates a presumption of irreparable harm. *See United States v. California*, 921 F.3d 865, 893 (9th Cir. 2019) ("[P]reventing a violation of the Supremacy Clause serves the public interest."). The United States Supreme Court confirmed this proposition in *Arizona*, 567 U.S. at 416, where the Court affirmed in part a preliminary injunction issued based on a finding of irreparable harm that would be caused by the enforcement of preempted state law.

3.      The Court finds that the balance of equities favors the CFTC and that a temporary restraining order is in the public's interest. *See Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)) (holding that the balance of equities and public interest factors "merge where, as is the case here, the government is the opposing party"). "[I]t would not be equitable or in the public's interest to allow the state to continue to violate the requirements of federal law." *Cal. Pharmacists*

*Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 852-53 (9th Cir. 2009), *vacated and remanded on other grounds sub nom.*, *Douglas v. Indep. Living Ctr. of S. Cal.*, 565 U.S. 606 (2012).

4. The Court finds that there is no adequate remedy at law. *See Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381-83 (1992). Because the CFTC is not a part of the state court criminal proceedings against Kalshi, it cannot protect its exclusive jurisdiction over Kalshi's DCM.

For these reasons, the Court finds that the *Winter* factors are satisfied, so it will grant the CFTC's Motion (Doc. 49).

The Court will not require the CFTC to post bond because "[t]he United States, its officers, and its agencies are not required to give security." Fed. R. Civ. P. 65(c).

**IT IS THEREFORE ORDERED** that the CFTC's Motion (part of Doc. 49) is **GRANTED** insofar as it requests a temporary restraining order. The Motion for Preliminary Injunction (part of Doc. 49) remains pending.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 65, Defendants are temporarily enjoined and restrained from enforcing Arizona's gambling laws, A.R.S. §§ 5-1301 *et seq.*, through any criminal or civil enforcement actions related to event contracts listed on CFTC-regulated DCMs.

**IT IS FINALLY ORDERED** that this Temporary Restraining Order will remain in effect until **April 24, 2026, at 11:59 p.m., (Arizona time)**.

Dated this 10th day of April 2026.

/s/ Michael T. Liburdi
United States District Judge