**KRISTIN K. MAYES**
**Attorney General**
(Firm State Bar No. 14000)

Joshua D. Bendor (Bar No. 031908)
Alexander W. Samuels (Bar No. 028926)
William Y. Durbin (Bar No. 036941)
Joshua A. Katz (Bar No. 039449)
Office of the Arizona Attorney General
2005 N. Central Avenue
Phoenix, AZ 85004-1592
(602) 542-3333
Joshua.Bendor@azag.gov
Alexander.Samuels@azag.gov
William.Durbin@azag.gov
Joshua.Katz@azag.gov
ACL@azag.gov

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| KalshiEX LLC, | No. CV-26-01715-PHX-MTL |
| Plaintiff, | Hon. Michael T. Liburdi |
| THE UNITED STATES OF AMERICA; and COMMODITY FUTURES TRADING COMMISSION, | |
| Consolidated Plaintiffs, | **JOINT STATUS REPORT** |
| v. | |
| Jackie Johnson, *et al.*, | |
| Defendants, | |
| STATE OF ARIZONA, *et al.* | |
| Consolidated Defendants | |

Pursuant to the Court's Minute Entry Order of April 10, 2026, the United States of America and the Commodity Futures Trading Commission ("CFTC") (together, "Federal Plaintiffs"), KalshiEX, LLC ("Kalshi"), and Defendants met and conferred on the topics outlined by the Court.  The parties hereby submit the following joint report addressing those topics:

**1. The parties' recommendation on how the Court should proceed with respect to Federal Plaintiffs' Motion for Preliminary Injunction.**

Defendants request, and Federal Plaintiffs do not object, that the Court should vacate the hearing on Federal Plaintiffs' Motion for Preliminary Injunction currently set for May 6, 2026, and re-set it for June 3, 2026 or a later date in June acceptable to the Court.  Defendants consent to extending the current Temporary Restraining Order through the hearing date and to such time as the Court decides the Motion for Preliminary Injunction.  Moving the hearing date will allow the parties to develop and brief additional issues (discussed further below).  The parties agree to delay any Rule 26(f) conference and request the Court to delay any Rule 16(b) scheduling order until after the hearing on the Federal Plaintiffs' Motion for Preliminary Injunction, except as reached by agreement as described below.

The parties acknowledge the possibility that the U.S. Court of Appeals for the Ninth Circuit may issue a decision in any of the cases consolidated for argument heard April 16, 2026[1] before this Court rules on the Motion.

Federal Plaintiffs' position: Federal Plaintiffs do not believe that more briefing is necessary but do not object to Defendants' proposed briefing schedule (below).  Federal Plaintiffs' position is that the best course of action would be to convert the TRO to a preliminary injunction and to stay the case pending a decision in the Ninth Circuit. Federal Plaintiffs do not agree to Defendants' proposal for discovery—this case presents

---

[1] *North American Derivatives Exchange, Inc. v. State of Nevada*, No. 25-7187; *KalshiEX, LLC v. Assad*, No. 25-7516; *Robinhood Derivatives, LLC v. Dreitzer*, No. 25-7831; *State of Nevada v. KalshiEX, LLC*, No. 26-1304.

1

pure questions of law that do not require factual development, let alone expedited discovery with live witness testimony. Federal Plaintiffs do not agree that any discovery is warranted or proper but agree to confer with Defendants as appropriate. Federal Plaintiffs' conference with Defendants on any discovery requests shall not be construed as a concession that discovery is appropriate. If the parties do not reach agreement on any proposed discovery, Federal Plaintiffs expect to request the Court order briefing on the discovery issue.

Kalshi's position: Kalshi agrees with Federal Plaintiffs that the best course of action would be to convert the TRO into a preliminary injunction and to stay the case pending a decision in the Ninth Circuit.

Defendants' position: Defendants believe developing a factual record and briefing additional issues will aid the Court in deciding the Motion. Defendants believe the Court will benefit from information regarding standing and any financial, economic, commercial consequences associated with sports or election event contracts traded on designated contract markets ("DCMs"). Accordingly, Defendants anticipate offering witness testimony at the hearing on the Motion. Defendants anticipate filing declarations (functioning as "written direct" testimony) with their opposition brief and propounding limited, targeted written discovery on the CFTC. To be clear, Defendants are **not** asking the Court to order discovery immediately, and briefing the issue in the abstract at this time is not warranted. Defendants commit to work in good faith with the CFTC to reach agreement on the form and scope of discovery. To spare the Court's resources at this time, and so that any dispute can be addressed concretely, in the context of actual requests, Defendants will promptly advise the Court if and when a dispute arises.

To allow time for this factual development concurrent with briefing, Defendants propose that the Federal Plaintiffs' reply brief be due one week before the hearing (not earlier than May 27) and Defendants' opposition brief be due nine or 10 days before that (not earlier than Monday, May 18). Defendants propose the CFTC provide its discovery responses five business days before Defendants' opposition brief is due. Should the

CFTC wish to file any declarations of its own, Defendants propose those be filed on that same date.  Defendants recognize that they must propound discovery requests promptly to afford the CFTC time to respond.

During the pendency of the Motion, the Ninth Circuit may issue a decision that would bind the Court's evaluation of the Motion, or there may otherwise be a shift in controlling law.  In such event, Defendants' position is that any party may seek to dissolve or convert the TRO, as may be appropriate, and that the parties should confer in good faith on whether any such decision obviates the need for a preliminary injunction hearing at this time.

**2. The parties' position on whether to file supplemental briefing, and if so, what issues the parties wish to address.**

Defendants' position: In light of the Court's Order on the TRO (Doc. 65) and the April 16 argument before the Ninth Circuit, Defendants submit that supplemental briefing will aid the Court in deciding the Motion.  Defendants would plan to address the following issues: standing, merits (what instruments do or do not qualify as swaps, or as properly listed event contracts, and why), irreparable harm, and the balance of equities.  Defendants may also brief issues regarding *Younger* abstention and the Anti-Injunction Act to preserve them for appeal, recognizing that existing appellate authority may bind this Court.  Because Defendants had less than 48 hours to respond to Federal Plaintiffs' Motion (and only about 24 hours between the April 9 status conference and April 10 filing and hearing), and given developments that have taken place since Defendants responded to Kalshi's motion for a preliminary injunction on March 25, Defendants submit that they should be heard on these issues through additional briefing.

Federal Plaintiffs' position: Federal Plaintiffs reiterate their position that additional briefing is not necessary.  The parties submitted briefing, and the Court heard argument on April 10, 2026, on each of the topics identified by Defendants.  The Court already has extensive briefing from Defendants and the Private Plaintiffs as well.

Additional briefing would be duplicative, especially with the Ninth Circuit likely to issue a decision quickly.

Kalshi's position: Kalshi agrees that additional briefing is unnecessary. If the Court wishes to receive additional briefing, Kalshi respectfully requests an opportunity to participate in the briefing to the extent the issues implicate Kalshi's interests.

**3. The parties' position on North American Derivative Exchange's Motion to Intervene (Doc. 58).**

Federal Plaintiffs' position: Federal Plaintiffs take no position on the Motion to Intervene by North American Derivatives Exchange, Inc., d/b/a Crypto.com | Derivatives North America ("CDNA").

Kalshi's position: Kalshi takes no position on CDNA's motion for intervention as of right or permissive intervention.

Defendants' position: Without conceding or accepting any of CDNA's arguments, Defendants do not oppose CDNA's Motion to Intervene in this matter. Defendants' position is based upon the representation from CDNA's counsel that it will join the Federal Plaintiffs' motion for a preliminary injunction and not file a separate motion, and that it will join in the Federal Plaintiffs' opening brief in support of that motion and not file a separate substantive opening brief. To the extent that any further briefing is required, CDNA will work in good faith to avoid making any duplicative arguments and will only submit separate substantive briefing to the extent it believes necessary to protect its legal arguments.

CDNA and Defendants intend to file with the Court a joint stipulation reflecting this understanding.

**4. Clarifying the scope of the Court's Order on the TRO (Doc. 65).**

Defendants' position: After consultation with Federal Plaintiffs, Defendants take the opportunity presented by this status report to ask the Court for clarification regarding the scope of the TRO. Defendants understand that they are "enjoined and restrained from enforcing Arizona's gambling laws, A.R.S. §§ 5-1301 et seq., through any criminal or

civil enforcement actions related to event contracts listed on CFTC-regulated DCMs." Defendants understand this to prohibit them from filing new actions or pursuing any already-filed actions enforcing Arizona's gambling laws related to event contracts listed on CFTC-regulated DCMs, but not to prohibit them from investigating possible violations of Arizona's gambling laws, including through the issuance of subpoenas. In other words, Defendants have the same ability to investigate as they did prior to the TRO, but they must hold short of filing any cases based on any such investigations. Defendants respectfully request the Court confirm that their understanding is correct.

Federal Plaintiffs' position: Federal Plaintiffs object to Defendants' interpretation of the TRO that would permit investigation, including through subpoenas, of preempted applications of Arizona's gambling laws. Such investigations cause significant harm and burdens to federally regulated DCMs, send distressing signals to the market, and disrupt CFTC's exclusive regulatory authority over the market. The same irreparable harms that justified the TRO apply equally to such coercive investigatory actions. Federal Plaintiffs do not interpret the TRO to prohibit Defendants from investigating via publicly available information, however.

Kalshi's position: Kalshi agrees with Federal Plaintiffs that the TRO prohibits Defendants from investigating, including through subpoenas, preempted applications of Arizona's laws.

RESPECTFULLY SUBMITTED this 20th day of April, 2026.

**KRISTIN K. MAYES**
**ATTORNEY GENERAL**


By  */s/ William Y. Durbin*
        Joshua D. Bendor
        Alexander W. Samuels
        William Y. Durbin
        Joshua A. Katz
        Office of the Arizona Attorney General
        2005 N. Central Ave.
        Phoenix, AZ 85004

*Attorneys for Defendants*


*/s/ Tiberius Davis (w/ permission)*
*Attorneys for the United States of*
*America*

TIMOTHY COURCHAINE
U.S. Attorney for the District of Arizona
40 N. Central Avenue,
Suite 1800 Phoenix, AZ 85004
(602) 514-7500

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

YAAKOV M. ROTH
Principal Deputy Assistant Attorney
General

TIBERIUS DAVIS
Counsel to the Assistant Attorney
General
450 5th St NW,
Washington, DC 20001
Tiberius.davis@usdoj.gov
202-860-8970

*/s/ M. Jordan Minot (w/ permission)*
*Attorneys for the Commodity Futures*
*Trading Commission*

Tyler S. Badgley
General Counsel
M. Jordan Minot
Deputy General Counsel
Anne Stukes
Senior Assistant General Counsel
Carlin Metzger
Assistant General Counsel

U.S. Commodity Futures Trading
Commission
Three Lafayette Center
1155 21st Street, NW
Washington, DC 20581
Tel: (202) 209-1087
Fax: (202) 418-5567
tbadgley@cftc.gov
jminot@cftc.gov
astukes@cftc.gov
cmetzger@cftc.gov

6

**SNELL & WILMER L.L.P.**

*/s/Adam E. Lang (w/ permission)*
Adam E. Lang (#022545)
Matt Jarvey (#031350)
Derek C. Flint (#034392)
Taryn J. Gallup (#035002)

and

Neal Katyal (*pro hac vice*)
Joshua B. Sterling (*pro hac vice*)
William E. Havemann (*pro hac vice*)
MILBANK LLP
1101 New York Avenue NW
Washington DC 20005
Telephone: 202-835-7500
Facsimile: 202-263-7586

Grant R. Mainland (*pro hac vice*)
Andrew L. Porter (*pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, NY 10001
Telephone: 212-530-5000
Facsimile: 212-530-5219

*Attorneys for Plaintiff KalshiEX LLC*