TIMOTHY COURCHAINE
U.S. Attorney for the District of Arizona
40 N. Central Avenue, Suite 1800
Phoenix, AZ 85004
(602) 514-7500

*[Counsel Continued on Signature Block]*

*Attorney for the United States*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| KalshiEX LLC, | No. CV-26-01715-PHX-MTL |
| Plaintiff, | |
| The United States of America; and Commodity Futures Trading Commission, | **PLAINTIFFS' PROPOSED FORM OF PRELIMINARY INJUNCTIVE RELIEF** |
| Consolidated Plaintiffs, | |
| North American Derivatives Exchange, Inc., d/b/a Crypto.com \| Derivatives North America, | Hon. Michael T. Liburdi |
| Intervenor Plaintiff, | |
| v. | |
| Jackie Johnson, et al., | |
| Defendants, | |
| State of Arizona, et al., | |
| Consolidated Defendants. | |

Pursuant to the Court's April 23, 2026 Order (ECF No. 84), the United States of America and the Commodity Futures Trading Commission ("CFTC") (together, "Federal Plaintiffs"), North American Derivatives Exchange, Inc., d/b/a Crypto.com | Derivatives North America ("CDNA"), KalshiEX, LLC ("Kalshi" and together, "Plaintiffs"), and Defendants met and conferred on a proposed form of preliminary injunctive relief.  The Plaintiffs hereby submit the following joint proposal:

Plaintiffs' Proposed Language:

IT IS THEREFORE ORDERED that the Motion for a Preliminary Injunction (part of Doc. 49) is GRANTED.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 65, Defendants are enjoined and restrained from enforcing Arizona's gambling laws, including A.R.S. §§ 5-1301 et seq., §§ 13-3301–13-3312, and § 16-1015, through any criminal or civil enforcement actions related to event contracts listed on CFTC-regulated designated contract markets, including by engaging in any subpoena process or other compulsory investigative process related to event contracts listed on CFTC-regulated designated contract markets.

Plaintiffs' Position:

Plaintiffs' proposed language closely tracks this Court's language in the Temporary Restraining Order (ECF No. 65 at 4) and further clarifies that Defendants are enjoined from engaging in any compulsory investigative process related to event contracts listed on CFTC-regulated designated contract markets ("DCMs").

This Court's finding that Arizona's gambling laws are preempted applies equally to enforcement actions and compulsory investigative processes related to event contracts listed on CFTC-regulated DCMs.  This Court found that the "CFTC has demonstrated a reasonable chance of success in showing that the Act, at a minimum, field preempts Arizona law" and that "the scope of field preemption [is] the regulation of trading on a DCM."  (ECF No. 65 at 3 (citing *KalshiEX, LLC v. Flaherty*, 172 F.4th 220, 229 (3d Cir. 2026))).  The scope of such "regulation" and the CFTC's "exclusive jurisdiction . . . ***with respect to*** accounts, agreements . . . and transactions involving swaps . . . traded or executed on a contract market" (7 U.S.C. § 2(a)(1)(A)) necessarily extend to any compulsory investigative process.[1]  *See e.g., Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992) (explaining that "relating to" and "similarly worded pre-emption provision[s]" express "a broad pre-emptive purpose").  The CFTC's exclusive jurisdiction with respect to on-DCM trading leaves no room for subpoena or other compulsory investigative process, which would be unenforceable under § 2(a)(1)(A).

The issuance of a subpoena is inherently an exercise of enforcement power, and typically exercised in the name of a court.  For example, grand jury subpoenas issue from a grand jury, which is "an arm of the court."  *Levine v. United States*, 362 U.S. 610, 617, 80 S. Ct. 1038, 1043, 4 L. Ed. 2d 989 (1960).  Should the Federal Plaintiffs ultimately prevail in this litigation there would be no question that Defendants would not be permitted

---

[1] In fact, the Commodity Exchange Act explicitly states that CFTC has a duty to investigate in order to prevent evasion of certain requirements.  *See e.g.*, 7 U.S.C. § 2(h)(4)(B); *see also Flaherty*, 172 F.4th at 226 ("The CFTC has an array of powers to investigate and prohibit contracts.").

3

to exercise their enforcement power by issuing subpoenas, and the same should hold now. It is contrary to the purpose of the Court's prior orders, and any preliminary injunction, to nevertheless permit Defendants to exercise their enforcement power with respect to event contracts listed on DCMs.

Significantly, any subpoena process or other compulsory investigative process related to event contracts listed on CFTC-regulated designated contract markets undertaken by Defendants would cause significant harm to federally regulated DCMs, send distressing signals to the market, confuse consumers, and disrupt the CFTC's exclusive regulatory authority over the market.[2]  In addition, requiring the CFTC, DCMs, affiliates, vendors, or customers of DCMs, or other market participants to respond to such process would cause material harm, both in terms of considerable resources that would be required to respond to the subpoenas or compulsory investigations.  Plaintiffs, among other CFTC-regulated DCMs, are likely to suffer "economic and reputational harm, including loss of business and goodwill."  *See Flaherty*, 172 F.4th at 231.

Therefore, to allow Defendants to undertake any compulsory investigative process would violate the primary purpose of all preliminary injunctions: "to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *Doe #1 v. Trump*, 957 F.3d 1050, 1068 (9th Cir. 2020); *see also U.S. Philips Corp. v. KBC*

---

[2] In Defendants own words, "Defendants have the same ability to investigate as they did prior to the TRO, but they must hold short of filing any cases based on any such investigations."  (ECF No. 80 at 5.)  And, as noted, the Commodity Exchange Act's grant of exclusive jurisdiction to the CFTC leaves Defendants without authority to require Plaintiffs to comply with any investigative demands and thus Defendants without any authority to make them.

*Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010) (The "very purpose of a preliminary injunction" is to "preserve the status quo and the rights of the parties until a final judgment issues."). The same irreparable harms that justify enjoining prosecution apply equally to any compulsory investigative process.

The issuance of subpoenas or other compulsory process would also present significant practical issues, including that, should a target seek to quash or limit a subpoena, it would require the initiation of Court process that Defendants would presumably be enjoined from participating. And likewise, while Defendants would be enjoined from seeking to compel compliance (which would either advance the proceedings in *State v. KalshiEX LLC*, Nos. CR 2026-000173-001, -002, or filing a new proceeding against a target), they undoubtedly would take the position that a target of a subpoena or investigative process that did not respond had been non-compliant, which could have legal or reputational consequences for that target.

For the foregoing reasons, the Court should adopt Plaintiffs' proposed language.

RESPECTFULLY SUBMITTED this 29th day of April, 2026.

By */s/ Tiberius Davis (w/ permission)*
*Attorneys for the United States of*
*America*

TIMOTHY COURCHAINE
U.S. Attorney for the District of Arizona
40 N. Central Avenue,
Suite 1800 Phoenix, AZ 85004
(602) 514-7500

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

YAAKOV M. ROTH
Principal Deputy Assistant Attorney
General

TIBERIUS DAVIS
Counsel to the Assistant Attorney
General
450 5th St NW,
Washington, DC 20001
Tiberius.davis@usdoj.gov
202-860-8970

*/s/ Sean J. O'Hara   (w/ permission)*
Sean J. O'Hara (#024749)
KERCSMAR & O'HARA PLLC
8800 East Raintree Drive, Suite 310
Scottsdale, Arizona 85260
Telephone: (480) 776-3432
sjo@kandolaw.com

David Meister (*pro hac vice*)
Robert A. Fumerton (*pro hac vice*)
Judith A. Flumenbaum (*pro hac vice*)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
david.meister@skadden.com
robert.fumerton@skadden.com
judy.flumenbaum@skadden.com

Shay Dvoretzky (*pro hac vice*)
Parker Rider-Longmaid (*pro hac vice*)
Sylvia O. Tsakos (*pro hac vice*)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue NW
Washington, DC 20005
Telephone: (202) 371-7000
shay.dvoretzky@skadden.com
parker.rider-longmaid@skadden.com
sylvia.tsakos@skadden.com

/s/ M. Jordan Minot
*Attorneys for the Commodity Futures Trading Commission*

Tyler S. Badgley
General Counsel
M. Jordan Minot
Deputy General Counsel
Anne Stukes
Senior Assistant General Counsel
Carlin Metzger
Assistant General Counsel

U.S. Commodity Futures Trading Commission
Three Lafayette Center
1155 21st Street, NW
Washington, DC 20581
Tel: (202) 209-1087
Fax: (202) 418-5567
tbadgley@cftc.gov
jminot@cftc.gov
astukes@cftc.gov
cmetzger@cftc.gov

Nowell D. Bamberger (*pro hac vice* forthcoming)
Matthew C. Solomon (*pro hac vice* forthcoming)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Ave. NW
Washington, DC 20037
Telephone: 202-974-1500
nbamberger@cgsh.com
msolomon@cgsh.com

*Attorneys for North American Derivatives Exchange, Inc., d/b/a Crypto.com | Derivatives North America*

**SNELL & WILMER L.L.P.**

/s/ Matt Jarvey (w/ permission)
Adam E. Lang (#022545)
Matt Jarvey (#031350)
Derek C. Flint (#034392)
Taryn J. Gallup (#035002)

and

Neal Katyal (*pro hac vice*)
Joshua B. Sterling (*pro hac vice*)
Colleen E. Roh Sinzdak (*pro hac vice*)
William E. Havemann (*pro hac vice*)
**MILBANK LLP**
1101 New York Avenue NW
Washington, DC 20005
Telephone: 202-835-7500
Facsimile: 202-263-7586
Grant R. Mainland (*pro hac vice*)
Andrew L. Porter (*pro hac vice*)
**MILBANK LLP**
55 Hudson Yards New York, NY 10001
Telephone: 212-530-5000
Facsimile: 212-530-5219

*Attorneys for Plaintiff KalshiEX LLC*