**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

KalshiEX LLC,

          Plaintiff,

v.

Jackie Johnson, et al.,

          Defendants.

No. CV-26-01715-PHX-MTL

**ORDER**

Having now granted the United States and Commodity Futures Trading Commission's ("Federal Plaintiffs") Motion for Preliminary Injunction (Doc. 96), the Court is inclined to stay this case pending the resolution of appeals presenting overlapping questions. The Court will solicit briefing on the issue.[*]

Questions that bear directly on this case are pending before the Ninth Circuit. On April 16, 2026, the Ninth Circuit heard argument in four consolidated appeals raising the question of whether the Commodity Exchange Act and the exclusive jurisdiction it confers on the CFTC preempts state gambling laws. *See North American Derivatives Exchange, Inc. v. State of Nevada, et al.*, Case No. 25-7187 (9th Cir.); *KalshiEX, LLC v. Assad, et al.*, Case No. 25-7516 (9th Cir.); *Robinhood Derivatives, LLC v. Dreitzer, et al.*, Case No. 25-7831 (9th Cir.); *Blue Lake Rancheria, et al. v. Kalshi, Inc., et al.*, Case No. 25-7504 (9th Cir.). The Third Circuit resolved the same issue. *See KalshiEX, LLC v. Flaherty*, 2026

---

[*] In doing so, the Court follows the course taken by the Northern District of California in *Blue Lake Rancheria, et al. v. Kalshi Inc., et al.*, 25-cv-06162-JSC, Doc. 81 (N.D. Cal. Apr. 21, 2026). The Court finds Judge Corley's careful analysis persuasive and adopts a parallel approach.

WL 924004, at *1-7 (3d Cir. Apr. 6, 2026) (holding that Kalshi had a reasonable likelihood of success on its claim).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Accordingly, "[a] trial court may . . . enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). When determining whether to issue a *Landis* stay, courts must weigh "competing interests," which include "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Given the substantial overlap between the issues presented here and those pending on appeal, the Court is inclined to find that a stay would promote judicial economy. The Court will order the parties to brief whether this case should be stayed.

**IT IS THEREFORE ORDERED** that the parties must simultaneously file briefs, no later than **May 15, 2026**, addressing whether this case should be stayed pending the Ninth Circuit's resolution of the consolidated appeals identified above. The briefs must not exceed ten (10) pages, exclusive of the caption, signature block, and attachments.

**IT IS FURTHER ORDERED** that the parties must simultaneously file responses no later than **May 22, 2026**. The response briefs must not exceed seven (7) pages, exclusive of the caption, signature block, and attachments.

Dated this 5th day of May 2026.

/s/ Michael T. Liburdi
United States District Judge

- 2 -